**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** § § § | |
| Plaintiff, § | |
| v. § | Civil Action No. 3:22-CV-1415-S-BH |
| § | |
| **WILLIAM GLEN BAKER, et al.,** § | |
| Defendants. § | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By electronic order of reference dated April 12, 2023 (doc. 33), before the Court is *Plaintiff's Motion for Default Judgment against Defendant Chol Kim a/k/a Brandon Kim*, filed April 11, 2023 (doc. 30). Based on the relevant filings and applicable law, the motion should be **DENIED**.

## I.  BACKGROUND

On June 30, 2022, the Securities and Exchange Commission (SEC) sued Chol Kim a/k/a Brandon Kim (Defendant) and other defendants for violating various federal securities laws. (*See* doc. 1.) Its complaint alleges that Defendant violated Section 15(a) of the Securities Exchange Act of 1934 (Exchange Act) by offering and selling securities in unregistered offerings as an unlicensed broker. (*Id.* at 17.)[1]

On the day after this action was filed, July 1, 2022, summonses were issued for the defendants. (doc. 4.) On August 2, 2022, SEC moved for substituted service on Defendant, which was ordered. (*See* docs. 5, 14.) It properly served him on September 8, 2022. (doc. 18.) After he failed to answer or respond to the complaint, SEC sought entry of default on April 11, 2023, and it was entered the next day. (docs. 26, 29.) SEC now moves for final default judgment. (doc. 30.)

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

## II.  MOTION FOR DEFAULT JUDGMENT

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered when the default is established "by affidavit or otherwise." *See id.*; *New York Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

Here, Defendant failed to plead or otherwise defend in this suit, and SEC obtained an entry of default on April 11, 2023. (*See* docs. 26, 29.) The first two requisites for a default judgment have been met and remaining for determination is whether a default judgment is warranted.

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). The decision to enter a judgment by default is discretionary. *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004). "Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party." *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)).

In determining whether the entry of a default judgment is appropriate, courts look to whether default judgment is procedurally warranted, whether the plaintiff's complaint provides a sufficient factual basis for the plaintiff's claim for relief, and whether the requested relief is appropriate. *See J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp.3d 809, 813 (N.D. Tex. 2015) (citing *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp.2d 381, 384 (W.D. Tex. 2008) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

When moving for default judgment against an individual defendant, the plaintiff must comply with the Servicemembers' Civil Relief Act (SCRA) by either filing an affidavit "stating whether or not the defendant is in military service and *showing necessary facts* to support the affidavit," or filing an affidavit "stating that the plaintiff is unable to determine whether or not the defendant is in military service." 50 U.S.C. § 3931(b)(1) (emphasis added).[2] "[B]ecause the SCRA requires that 'facts must be set forth,' 'an affidavit made upon information and belief is insufficient' to satisfy the statute's affidavit requirement." *Bank of Am. v. Philpott*, No. 4:17-CV-00592-ALM-CAN, 2019 WL 13210620, at *1 (E.D. Tex. Mar. 12, 2019) (quoting *United States v. Simmons*, 508 F. Supp. 552, 552 n.1 (E.D. Tenn. 1980)). "Furthermore, since Fed. R. Civ. P. 55(b)(2) provides that default judgment may not be entered against an infant or incompetent person unless they are represented by a guardian or other representative, the Court also requires the plaintiff to provide an affidavit or declaration that the individual defendant is not an infant or incompetent person." *See Helena Chem. Co. v. Goodman*, No. 5:10-CV-121 DCB JMR, 2011 WL 1532200, at *6 (S.D. Miss. Apr. 21, 2011). Courts in this circuit routinely deny motions for default judgment that fail to provide the necessary proof of the individual defendant's military service or competency. *See Buerger v.*

---

[2] The SCRA's affidavit requirement "may be satisfied by a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury." 50 U.S.C. § 3931(b)(4).

*Clifton*, No. 4:18-CV-00078-ALM-CAN, 2021 WL 748106, at *3 (E.D. Tex. Jan. 7, 2021), *adopted by* 2021 WL 734960 (E.D. Tex. Feb. 25, 2021) (collecting cases).

Here, SEC's motion for default judgment states that Defendant "is not a minor, an incompetent person, or in active military service," but it does not cite to or include an affidavit or other evidence in support of this assertion. (doc. 30 at 13.) Attached to its motion for entry of default is the declaration of its counsel, which states: "[Defendant] is not an infant, in the military, or incompetent. He is not eligible for relief under the Service members [sic] Civil Relief Act of 2003." (doc. 26-1 at 2.) Although the declaration is sufficient to establish that Defendant is not a minor or incompetent person under Rule 55(b), it fails to satisfy the SCRA because it does not contain any factual allegations to support the bare assertion that Defendant is not in military service, nor does it "provide any hint as to the efforts exerted in determining [his] military status." *Countrywide Home Loans, Inc. v. Barr*, No. 3:CV-08-00389, 2008 WL 4748202, at *1 (M.D. Pa. July 10, 2008) (explaining that the affidavit "must set forth facts, not merely conclusions, relating to the military service of the defendant" and "must also contain information regarding the efforts exerted to determine the defendant's military status" to comport with the SCRA); *see, e.g., Barrett v. Tri-Coast Pharmacy, Inc.*, 518 F. Supp. 3d 810, 822 (D.N.J. 2021) ("Plaintiff's affidavit contains no facts regarding Defendant's military service, his current whereabouts, fails to provide 'any hint as to the efforts exerted in determining Defendant's military status,' and Plaintiff's counsel has not submitted proper documentation from the Department of Defense Manpower Data Center."); *House v. Smith*, No. 2:18-CV-04283, 2020 WL 5118047, at *2 (E.D. Pa. Aug. 31, 2020) (denying default judgment because plaintiff's "conclusory statement that [defendant] is not in military service, made without any supporting facts, documentation, or explanation as to what efforts [plaintiff] made to determine

[defendant's] military status, fails to satisfy the requirements of the Servicemembers Civil Relief Act"); *Fogarty v. Household Fin. Corp. III*, No. CV 14-4525 (RBK/JS), 2017 WL 748330, at *3 (D.N.J. Feb. 27, 2017) (denying default judgment motion where plaintiff's counsel failed to provide necessary facts to support her averment that she "confirmed that the defendant is not currently in active military service"). Accordingly, SEC has not met the procedural requirements for default judgment.

### III.  RECOMMENDATION

SEC's motion for default judgment should be **DENIED without prejudice**.

**SO RECOMMENDED** on this 5th day of October, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F. 3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE