IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| PLAINTIFF, | § § | |
| V. | § § | CIVIL CASE NO. 3:22-CV-1415-S-BK |
| MICHAEL BOWEN AND CHOL KIM a/k/a BRANDON KIM, | § § § | |
| DEFENDANTS. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Reference*, Doc. 55, *Plaintiff's Amended Motion for Default Judgement Against Defendant Chol Kim a/k/a Brandon Kim*, Doc. 53, is before the undersigned magistrate judge for findings and for a recommended disposition. As stated here, the motion should be **DENIED WITHOUT PREJUDICE AS PREMATURE**.

In June 2022, Plaintiff Securities and Exchange Commission (SEC) filed a *Complaint* against Chol Kim a/k/a Brandon Kim ("Kim") and others alleging that Kim committed violations of federal securities law by offering and selling securities in unregistered offerings as an unlicensed broker in violation of Section 15(a) of the Securities Exchange Act of 1934 ("Exchange Act"). Doc. 1 at ¶¶ 10, 12, 17, 39-41. The SEC seeks to permanently enjoin Kim from violating Section 15(a) of the Exchange Act, as well as a conduct-based injunction, disgorgement, prejudgment interest, and a civil penalty. Doc. 1, *passim*. After summonses were issued for the defendants, in August 2022, the SEC moved for substituted service on Kim, which was ordered. *See* Docs. 4, 5, 14. It properly served him on September 8, 2022. Doc. 18. After

he failed to answer or respond to the *Complaint*, the SEC sought entry of default, and it was entered in April 2023.  Docs. 26, 29.  The SEC moved for final default judgment.  Doc. 30.  The district judge referred the Default Judgment Motion to Magistrate Judge Ramirez, who, in October 2023, recommended that the Default Judgment Motion be denied without prejudice due to the SEC's failure to comply with the Servicemembers Civil Relief Act ("SCRA").  Doc. 39. In November 2023, the district judge issued an order accepting Magistrate Judge Ramirez's findings and recommendation.  Doc. 43.

In October 2023, the SEC filed a *First Amended Complaint* containing the same allegations against Kim.  Doc. 40, *passim*.  The SEC now moves for default judgment.

Under Federal Rule of Civil Procedure 55, a default occurs when defendants fail to plead or otherwise respond to a properly served complaint within the time required.  *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  However, before a party may obtain a default judgment, the Clerk of Court must have first entered a default.  *Id.*; FED. R. CIV. P. 55(a).  When the plaintiff fails to receive the Clerk's entry of default on the operative complaint before moving for default judgment, a motion seeking default judgment has failed to satisfy Rule 55's requirements and is thus premature.  *Bank of New York Mellon Tr. Co. as Tr. for Mortg. Assets Mgmt. Series I Tr. v. Dabney*, No. 3:18-CV-1606-M-BK, 2022 WL 1528174, at *2 (N.D. Tex. Apr. 14, 2022) (Toliver, J.) (citations omitted), *accepted by*, No. 3:18-CV-1606-M-BK, 2022 WL 1524137 (N.D. Tex. May 13, 2022) (Lynn, C.J.).

Here, the SEC has failed to request and obtain the Clerk's entry of default on the *First Amended Complaint* before moving for default judgment.  Although obviously just an oversight, the SEC nevertheless has failed to satisfy a requisite to obtaining a default judgment, rendering the motion *sub judice* "defective."  *See Dabney*, 2022 WL 1528174, at *1-*2 (finding a motion

for default judgment "defective" when the plaintiff failed to request the Clerk's entry of default on the operative complaint before moving for default judgment) (citations and internal quotation marks omitted).

For the foregoing reasons, *Plaintiff's Amended Motion for Default Judgement Against Defendant Chol Kim a/k/a Brandon Kim.* Doc. 53, should be **DENIED WITHOUT PREJUDICE AS PREMATURE**.

**SO RECOMMENDED** on August 20, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

3